IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE FRANKLIN STINSON, #07023668, and TDCJ #01476960, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 3:07-CV-1714-L |
| FARMERS BRANCH POLICE DEPARTMENT, et al., Defendants. | ) ) ) ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* prisoner civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983. Following initial screening, the court dismissed the case in part and issued process in part.

Parties: At the time of filing this action, Plaintiff was incarcerated at the Dallas County Jail. Thereafter, he failed to keep the court appraised of his change of address and the last two court orders were returned as undeliverable. The remaining Defendants are Farmers Branch Police Officers Jeremy Green (identified as T. Green in the complaint), Chad Taylor, Dale Sikorsky (spelled in the complaint as "Sekorsky"), and Terry Robinson.

Statement of Case: The amended complaint, as supplemented by the answers to the magistrate judge's questionnaire alleged excessive force in violation of Plaintiff's Fourth

Amendment rights. In particular, Plaintiff alleged that the officers attacked him with a police dog while he was lying face down, unarmed, and unconscious, and that they, thereafter, maced and tased him while in handcuffs. He requested that the officers be disciplined and that he be granted monetary damages for his pain and suffering.

On April 14, 2008, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. They argue Plaintiff's claims are barred by the doctrines of *Heck v. Humphrey*, qualified immunity, and exhaustion of administrative remedies. Alternatively, they request the court to order Plaintiff to amend his complaint with a more definite statement. Although Defendants mailed a copy of their motion to Plaintiff's address at the Dallas County Jail and at the Texas Department of Criminal Justice, he has failed to respond.

<u>Findings and Conclusions</u>: To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). The materiality of facts is determined by substantive law. *Anderson,* 477 U.S. at 248, 106 S. Ct. at 2510. An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Burgos v. Southwestern Bell Telephone Co.,* 20 F.3d 633, 635 (5th Cir. 1994). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson,* 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986). When a

defendant invokes qualified immunity, however, the burden shifts to the plaintiff to rebut the applicability of the defense. *See McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The court must resolve any factual controversies in favor of the non-moving party. *See Coleman v. Sch. Bd. of Richland Parish,* 418 F.3d 511, 515-16 (5th Cir. 2005).

Plaintiff has not responded to Defendants' motion for summary judgment. While his failure to respond does not permit the entry of a "default" summary judgment, the court has the authority to accept Defendants' evidence as undisputed. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).[1]

The undisputed summary judgment evidence reflects Officers Green, Sikorsky, and Robinson were not present at the time of Plaintiff's arrest. Officers Green and Sikorsky were interviewing the victim at a neighboring hotel, while Officer Robinson guarded the perimeter area on the east side of the wooded area where Plaintiff was hiding. (Defendants' Appendix (App.) at 4, 8-9, and 19). Under these circumstances, Defendants Green, Sikorsky, and Robinson are entitled to judgment as a matter of law.

With respect to Defendant Taylor, the court concludes that he is entitled to summary judgment on the basis of his qualified immunity defense. The doctrine of qualified immunity, shields state officials from suit "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McClendon,* 305 F.3d at 322 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)).

---

[1] Since Plaintiff has not responded to the motion for summary judgment, the court need not consider Plaintiff's answers to the magistrate judge's questionnaire in deciding the motion. *Bookman v. Shubzda,* 945 F.Supp. 999, 1004-05 (N.D. Tex. 1996).

To determine whether an official is entitled to qualified immunity from a suit alleging a constitutional violation, the court conducts a familiar two-step inquiry: First the court determines whether plaintiff's allegations allege facts to establish that the official violated the plaintiff's constitutional rights. *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S. Ct. 2508, 2513 (2002). Whether the facts establish a violation of a constitutional right is determined with reference to current law. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005); *McClendon,* 305 F.3d at 323. If the facts do not establish that the defendant violated the plaintiff's constitutional rights, the court need not inquire further. *See Saucier v. Katz*, 533 U.S, 194, 201, 121 S. Ct. 2151, 2156 (2001). If they do, the defendant is still entitled to qualified immunity unless the court finds that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the state action at issue. *See McClendon,* 305 F.3d at 323.

Relative to the first inquiry, "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures." *Colston v. Barnhart,* 130 F.3d 96, 99 (5th Cir. 1997). "To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir. 2007) (internal citations and quotations omitted). "[T]he question [is] whether the totality of the circumstances justified" that use of force. *Tennessee v. Garner,* 471 U.S. 1, 8-9, 105 S. Ct. 1694, 1700 (1985).

The test is objective, *Fontenot v. Cormier,* 56 F.3d 669, 675 (5th Cir. 1995), but it "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20

vision of hindsight," *Graham v. Connor,* 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989). After all, "police officers are often forced to make split-second judgments --in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Id.* at 397. The intent or motivation of the officer is irrelevant; the question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force. *Id.* at 396-97.

     Liberally construing the evidence in the light most favorable to the Plaintiff, the record contains no evidence upon which a reasonable trier of fact could find that Officer Taylor used excessive force or acted in an objectively unreasonable manner. The undisputed summary judgment evidence reflects that Plaintiff, who was suspected of having committed an armed robbery/car jacking and who was considered to be armed and dangerous, fled from the police by vehicle and then on foot in a wooded area. (App. 2, 7, 13, and 15). Officer Taylor along with other officers set up a perimeter around the wooded area and requested the assistance of a canine unit. After an hour of searching, Taylor observed Plaintiff lying on his stomach in an area with thick weeds with his hands underneath his stomach at his waist line. (*Id.* 3). Plaintiff was alert and conscious. (*Id.*). When Taylor attempted to grab Plaintiff, he slipped away. (*Id.*). Taylor explained that because of the thickness of the weeds, he could not maintain an adequate grip on the Plaintiff. (*Id.*). As result, Taylor stepped away and gave Plaintiff several loud verbal warnings that he needed to come out of the weeds and show his hands. (*Id.*). The canine also unsuccessfully attempted to grab Plaintiff in the pants area. (*Id.*). After repeated warnings and Plaintiff's steadfast non-compliance, Taylor sprayed Plaintiff with pepper spray. (*Id.* at 4). Plaintiff continued to resist the arrest and refused to show his hands and come out of the weeds.

5

(*Id.*). Following repeated warnings, another officer advised Plaintiff that a Taser device would be used if he continued to refuse to show his hands or continued to resist arrest. (*Id.*) As a result of continued non-compliance, another officer applied a Taser device and Plaintiff immediately ceased resisting arrest. (*Id.*).

Under these circumstances, Officer Taylor's use of force – i.e., grabbing at Plaintiff and spraying him with pepper spray – was objectively reasonable. Based on Plaintiff's continued efforts to resist arrest and flee from custody and the belief that he was armed and dangerous, a reasonable officer would have considered Plaintiff an immediate threat to his safety and the safety of others and properly considered Plaintiff a threat in the event he succeeded in fleeing apprehension. Therefore, Officer Taylor was justified in administering pepper spray to control Plaintiff. When that failed, the other officer (not named in this suit) was forced to use a Taser device to secure Plaintiff's arrest. Plaintiff cannot establish that his Fourth Amendment right was violated as a result of the force used at the time of his apprehension and arrest. Therefore, Officer Taylor is entitled to judgment as a matter of law on the basis of qualified immunity.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motions for summary judgment (Doc. #23) be GRANTED, and that the pre-trial management referral flag be TERMINATED.

A copy of this recommendation will be mailed to Plaintiff at the address shown on the

docket sheet, and to counsel for Defendants.

Signed this 31st day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.